The Lawyers and Home-Makers Building and Loan Association, on March 30th, 1940, sold and conveyed in bulk a substantial part of its assets pursuant to R.S. 17:12-115 and thereupon became a liquidating corporation. Thereafter several liquidating dividends were declared by the directors of the corporation but distribution of such dividends to members who had received payments on account of withdrawal of their shares after March 1st, 1933, was withheld.
The directors petitioned the court for instructions and their petition was dismissed (128 N.J. Eq. 22; 15 Atl. Rep. 2d137). In that suit Louis Abrams and Gaston J. Prival (shareholders) filed answer and counter-claim praying that all payments heretofore made by the association to its shareholders either as advances on account of withdrawals or as "necessitous case" payments, be set off against dividends declared and paid and to be declared and paid in the future out of the assets of the association now in liquidation.
The matter is now before me on that counter-claim actually presented as a "cross-bill."
The counter-claimants maintain (1) that such payments created preferences in violation of the principle of equality and mutuality among shareholders, and (2) that the orders of the Commissioner of Banking and Insurance under which the "necessitous case" payments were made are invalid. *Page 397 
Payment of the withdrawal value of shares is regulated by R.S.17:12-53. Additional powers to regulate the method of paying withdrawals and "to make orders for the purpose of conserving the assets of building and loan associations" were conferred upon the Commissioner of Banking and Insurance by R.S. App. A:7-3 to7.
The payment of withdrawals pursuant to R.S. 17:12-53 followed the legislative scheme set down for the conduct of building and loan associations. The mere fact that some members have received more than other members because of their prior withdrawal does not create inequality nor does it destroy the mutuality among shareholders. It is merely an incident to membership in the association. It is not contemplated by the statute that upon dissolution or liquidation of an association whose assets are insufficient to meet the full paid in value of the shares, that advances made on account of withdrawals in accordance with the statute shall be set off against liquidating dividends. To do so would be to read into the act a provision not there. Such payments made to shareholders cannot be subject to a set-off any more than the shareholders receiving the same could be compelled to make a return thereof in a suit by the counter-claimants.
R.S. App. A:7-3 to 7 by virtue of which the Commissioner of Banking and Insurance promulgated the orders under which payments to members in necessitous circumstances were made vests in the commissioner the power "to make orders for the purpose of conserving the assets" of such associations, which shall have the same force and effect as law. Newark Twenty-one Building andLoan Association v. Zuckerberg, 115 N.J. Eq. 579;171 Atl. Rep. 804.
In the instant case order number 1 made by the commissioner on March 14th, 1933, provides that not more than 50% of the dues paid in by members shall be repaid or advanced on withdrawals or maturities; that if such fund is insufficient to meet all requests then such fund shall be paid as follows: first, in payment to members in necessitous circumstances not to exceed $50 to any one member in any one month; second, in payment to members whose shares had matured; third, in payment of withdrawals in multiples of *Page 398 
$50 to each member in the order in which requests were filed. By order number 4 made November 8th, 1933, further payments on account of maturities and withdrawals except in necessitous cases were to be discontinued until all tax liens on association owned properties were paid.
Concerning such orders made under R.S. 17:12-53 and R.S.App. A:7-3 to 7, Mr. Justice Perskie speaking for the Court of Errors and Appeals in Veix v. Seneca Building and LoanAssociation of Newark, 126 N.J. Law 314; 19 Atl. Rep. 2d219, said:
"The powers thus conferred upon the commissioner, and the objective sought to be attained, are altogether in accord with the fixed policy of the state — to protect the activities and safety of building and loan associations; to safeguard the interests of those who deal with such associations; and to delegate or entrust the administration of that policy, pursuant to a definite standard, to the Commissioner of Banking and Insurance. * * * The challenged legislation is constitutional.Sommer v. Workingmen's Building and Loan Association, supra.
"* * * Suffice to observe that, in our opinion, the order falls squarely within the scope or ambit of the legislation upon which it is bottomed. There is no merit to the argument that the order is fatal because of the provisions of the statute that orders made thereunder `shall have the same force and effect as law and be binding on any and * * * all building and loan associations of this state.' The statute merely expressed the inherent attributes of a valid order made by an administrative officer. * * *"
The payments heretofore made by the association to shareholders on account of withdrawals or as "necessitous case" payments were made according to law and cannot be set off against present and future liquidating dividends. *Page 399